BENJAMIN NEWMAN *et al. vs.* MAYOR OF THE CITY OF NEWPORT *et al.*

JANUARY 30, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

436

CAPOTOSTO, J.  This is a petition to the superior court for a writ of mandamus.  Respondents' demurrer was heard and sustained by that court, whereupon the petitioners appealed to this court.

The parties and the allegation of facts in this case are identical with those fully set forth in our opinion in *Newman* v. *Mayor of Newport*, 73 R. I. 385, where, on certiorari, we quashed the record of the decision of the commissioner of public works and the affirmation thereof by the board of aldermen denying petitioners' application for access by means of curb cuts to land belonging to Benjamin and Ida Newman, which land could lawfully be used as a gasoline station.

We agree with respondents that, generally speaking, the function of mandamus is to compel performance of a clear legal duty; to command action, not to review action.  *Corbett* v. *Naylor*, 25 R. I. 520, 522.  And, further, that where the performance of an official duty involves the exercise of discretion, the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter; he can only be directed to perform his duty under the law, but he cannot be directed to perform it in a particular way.  If the officer is vested with authority to exercise reasonable discretion, his decision as a general rule is not subject to review or control by mandamus.  *Cruise & Smiley Construction Co.* v. *Town Council*, 42 R. I. 408.

However, in the instant case the facts set out in the petition for mandamus, which were admitted by re-

spondents' demurrer, present a most unusual situation. The commissioner not only denied the curb cuts for approaches to a proposed gasoline station on the Newman land, as shown on one of two alternative plats filed with the application for such cuts, but he also expressly stated in his decision that he would not approve any "possible arrangements of a driveway or driveways for commercial purposes" to that land. By refusing to consider the other alternative and much more restricted plat, and by advising the petitioners that he would grant them no access for any commercial purpose, he completely refused to perform his plain legal duty to exercise the discretion vested in him by the ordinance. In the circumstances the petitioners had a clear right to compel the commissioner to perform his ministerial duty in accordance with law, namely, to consider petitioners' application and to exercise his discretion reasonably in the matter.

The petitioners' appeal is sustained, and the case is remitted to the superior court for further proceedings.

*Sheffield & Harvey, W. Ward Harvey,* for petitioners.

*Alexander G. Teitz,* City Solicitor, for respondents.