73 A.2d 644 (1950)
FETTERS et al.
v.
MAYOR & COUNCIL OF WILMINGTON et al.
Court of Chancery of Delaware, New Castle.
May 17, 1950.
*645 E. Ennalls Berl of Southerland, Berl & Potter, and Harry Rubenstein, all of Wilmington, for plaintiffs.
August F. Walz, City Solicitor, and Januar D. Bove, Jr., Assistant City Solicitor, Wilmington, for defendants.
SEITZ, Vice Chancellor.
This is the decision on various motions attacking plaintiffs' amended complaint. Plaintiffs' original complaint was dismissed on the ground that it failed to state a claim upon which relief could be granted. See 72 A.2d 626. As in the previous opinion, reference to "plaintiffs" will include only the partnership of Carl E. Widell & Son unless otherwise indicated, while reference to the "defendants" will include only the members of the Board of Water Commissioners.
This suit attacks the defendants' action in awarding certain work to a bidder (hereinafter called the "successful bidder") who was not the lowest bidder under a statute and ordinance which require the defendants to award such work to the "lowest and best bidder".
Defendants' motion to dismiss, to strike and for a more definite statement can best be considered by first summarizing briefly the allegations of the amended complaint, and then pointing out the substance of the amendments.
Plaintiff Fetters is a taxpayer of the City of Wilmington. The other plaintiffs are engaged in the construction and contracting business. About December 2, 1949, plaintiffs wrote to a firm of engineers requesting from them plans and specifications necessary to furnish a bid for installations on which the defendants had requested bids; the necessary costs were enclosed. The particular firm was acting as the consulting engineer for the defendants. Following plaintiffs' request, the plans and specifications were furnished to the plaintiffs directly by the defendants. A copy of the plans and specifications are attached to the amended complaint. They provide, inter alia, that "No proposal will be received from any bidder unless he is known to be skilled in work of a nature similar to that covered by this contract". They also reserve the right "to reject any or all bids".
Based on the plans and specifications, the plaintiffs on December 14, 1949, furnished to defendants a sealed bid of $393,570 for the proposed work, which bid was in full compliance with the plans and specifications. The bid was accompanied by a certified check for $20,000 and a performance bond in the full amount of the bid. The plaintiffs' bid was delivered to the defendants sitting in open session. Thereafter on the same day all the bids including plaintiffs' were received, opened and considered by the defendants who announced at that time, through their President, that plaintiffs had submitted the low bid. The President of defendants thereupon congratulated plaintiffs' representative.
On December 28, 1949, plaintiffs received a telephone call from the defendants' chief engineer advising them that the contract had been awarded to another bidder. This constituted the only notification to plaintiffs that they would not be awarded the work. This notification was ex post facto, informal and unofficial. The notification did not suggest that the plaintiffs were incompetent to undertake the project, but on the contrary, the impression was given that the defendants considered plaintiffs to be competent. No hearing of any kind, regarding competency of bidders, of which plaintiffs were advised, was held by the defendants. Plaintiffs have fully complied with all the requirements of the statute and were the "lowest and best" bidders upon the project and as such entitled to the award of the work to be done thereunder.
Plaintiffs now and heretofore for a period of approximately thirty years have been continuously engaged in the business of construction and contracting and have bid upon and completed numerous projects in other states and in Delaware. Plaintiffs have enjoyed an excellent reputation in the contracting field and have never defaulted *646 upon a project awarded to them. The project here involved is of a type and character as to which plaintiffs have had much experience and they are in every way qualified to undertake and complete the project.
Defendants were well aware of the skill and competency of plaintiffs for the construction and completion of the project here involved.
No work has yet been commenced upon the project by the successful bidder. Before such work can commence, extensive designing and manufacturing is necessary. The work now being done is being done by the same subcontractor which plaintiffs intended to employ and plaintiffs' bid was based in part upon the bid of the same subcontractor. Approximately 75 percent of the entire project cost was sublet by the successful bidder to the same entities as plaintiffs intended to employ. The balance of the work to be done by the general contractor is of the type as to which plaintiffs are no less competent and experienced than the successful contractor. A reasonable man of experience in construction of this kind could not but have admitted, after proper investigation, that plaintiffs were fully competent to discharge the responsibility entailed. The defendants did in fact consult certain reputable engineers as to the plaintiffs' competency and were assured by these of plaintiffs' competency and skill to undertake the responsibility involved.
With the knowledge on the part of the defendants as to skill and competency of plaintiffs to perform the work required and with the knowledge that the same subcontractors were to be used as to subcontracts amounting to at least 75 percent of the entire cost of the project, the action of the defendants in awarding the contract to a higher bidder who was to use the same subcontractors, was taken in disregard of the defendants' duties to the taxpayers of Wilmington, was a waste of public funds and was an act of favoritism in disregard of their duty and to the prejudice of the taxpayers of Wilmington. Their action was arbitrary and illegal and constituted a gross abuse of discretion.
All plaintiffs allege that it is evident in the circumstances hereinabove recounted that defendants intended from the very beginning to award the contract for the project to the successful contractor, and the defendants are charged with such intention. They say the action of the defendants evidences an attitude on their part to consider the provisions of the statute, dealing with the awarding of contracts, as mere formalities to be observed by them in the achievement of their intention to award the contract to the successful bidder unless, perhaps, the difference in the bids between contractors was so great as to shock public opinion.
Other allegations appear in the amended complaint but they are either presently irrelevant or purely argumentative.
The amended complaint prays for an injunction restraining the defendants from permitting the prosecution and completion of the work upon the project by the successful bidder. There is also a prayer for a mandatory injunction requiring the defendants to award the contract to plaintiffs.
The original complaint was dismissed because this court found that the complaint failed to state a claim upon which relief could be granted in that there were no proper allegations of fraud, illegality, bad faith, failure to exercise discretion or abuse in its exercise on the part of defendants.
The substance of the allegations which have been added by the amended complaint may be fairly summarized as follows: Plaintiffs were fully competent to do the work involved at a lesser cost than would result from awarding it to a higher bidder and defendants were fully aware of this fact; plaintiffs have an excellent reputation in the contracting field and defendants were well aware of the skill and competency of plaintiffs in this field. Plaintiffs' bid included the bids of subcontractors who were common to plaintiffs and the successful bidder for work constituting approximately 75 percent of the cost of the entire project; that as to the balance of the work plaintiffs *647 were no less competent than the successful bidder to do such work, and proper investigation would have demonstrated that plaintiffs were fully competent to discharge this responsibility; that certain reputable engineers consulted by defendants as to plaintiffs' competency assured defendants of the plaintiffs' competency. Under the circumstances, all the plaintiffs charge, the awarding of the contract to a higher bidder was an act of favoritism and constituted a gross abuse of discretion. They also allege that the circumstances demonstrate that defendants intended from the outset to award the project to the successful bidder.
It is apparent that the plaintiffs, including Fetters, have now leveled serious charges against the defendants. The cumulative effect of the allegations is to charge the defendants with what amounts to fraud and gross abuse of discretion. The fact that plaintiffs were the lowest bidder, coupled with the allegations concerning plaintiffs' competency and defendants' knowledge thereof, combined with other matters which I shall mention, state a claim sounding in fraud and in violation of the sound discretion reposed in defendants by the statute.
Subsidiary factors, such as the common identity of many subcontractors, the submission of the plans and specifications to plaintiffs by defendants in the light of the provision that bids would not be received from bidders unless known to be skilled in work similar to the project work, as well as plaintiffs' long and excellent reputation in the contracting field, confirmed by certain engineers consulted by defendants, add substance to the charges. Only by a hearing can it be determined whether or not the allegations are well founded, but certainly they now definitely charge the defendants with illegal conduct and state a claim upon which relief can be granted.
Defendants also contend that plaintiffs (now referring to all plaintiffs) have no cause of action because of the provision in the request for bids reserving the right "to reject any or all bids". They rely on Keogh v. Mayor and Council of Wilmington, 4 Del. Ch. 491. Whatever effect the non-statutory quoted language may have, it is at once apparent that it cannot be employed so as to abrogate the provision of the statute requiring the work to be let to the "lowest and best bidder". Consequently, the purported reservation in defendants' favor cannot justify the defendants in arbitrarily awarding the work to one who is not the "lowest and best bidder". The Keogh case did not involve a statute and, indeed, did not even involve the question of awarding work to one who was not the lowest bidder.
The defendants' motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted must be denied to the extent it is based on reasons heretofore discussed.
Defendants urge that the complaint must be dismissed as to the plaintiffs, Carl E. Widell and Wilbert E. Widell, trading as Carl E. Widell & Son, for the reason that such plaintiffs have no right to maintain this suit. The plaintiffs  except for the plaintiff Fetters  sue only in their capacity as the unsuccessful low bidder. So far as the amended complaint shows, they do not sue as taxpayers who would be affected by the defendants' action. They knew that the defendants reserved the right "to reject any or all bids". Consequently, there was no binding contract between plaintiff-contractor and defendants. The statute and ordinance requiring the work to be awarded to the "lowest and best bidder" was adopted for the benefit of taxpayers and others adversely affected by the waste of public funds. It was not enacted for the benefit of disappointed bidders. Consequently, plaintiffs, except Fetters, have no right to sue, and the amended complaint must be dismissed as to such plaintiffs. See Colorado Paving Co. v. Murphy, 8 Cir., 78 F. 28, 37 L.R.A. 630, affirmed, 166 U.S. 719, 17 S.Ct. 997, 41 L.Ed. 1188; Revised Vol. 3 McQuillin, Municipal Corporations (2d Ed.) § 1342.
Defendants have moved to strike paragraphs 15 and 17 of the amended complaint on the grounds, inter alia, that they contain argumentative and immaterial matter. *648 I believe defendants' motion is well founded and the motion to strike paragraphs 15 and 17 will be granted.
The defendants have also moved to strike the prayer for a mandatory injunction requiring defendants to award the contract to plaintiff-contractor. I defer decision on this motion until after final hearing because I would prefer to dispose of this point of law in the light of the proven facts. It is possible that a refusal to afford such a remedy, no matter what the circumstances, might operate as a practical matter to defeat the salutary purpose of the statute. Defendants' right to renew its motion will be preserved.
Defendants' motion for a more definite statement asks that plaintiffs set forth in their complaint the facts forming the basis for their legal conclusions that plaintiff-contractor was the "lowest and best bidder", that the defendants' action resulted from favoritism, was illegal, arbitrary and constituted a gross abuse of discretion. Under Rule 9(b) of this Court, condition of mind may be averred generally. Consequently, we need only decide whether defendants' motion directed to paragraphs 8 (inadvertently designated 9), 9 and 14 are all defective because Rule 9(b) requires that the circumstances constituting fraud shall be stated with particularity. The paragraphs attacked by defendants' motion, standing alone, would be insufficient but a reading of the entire amended complaint shows that plaintiffs have alleged fraud with reasonable particularity in view of the very nature of the charge. These cases necessarily involve the drawing of inferences from a combination of facts and circumstances. Thus, when the legal conclusions in the paragraphs mentioned are read in conjunction with the factual allegations contained in the other paragraphs of the amended complaint, they are sufficiently definite to enable defendants to frame a responsive pleading and they meet the requirements of Chancery Court Rule 9(b). The motion for a more definite statement will be denied.
An order accordingly will be entered on notice.