Frank A. G-ulotta, J.
This is an article 78 proceeding in the nature of a mandamus to compel the respondent school board to admit the petitioners’ child to the Junior Arts Program of the H. Frank Carey High School from which, according to the petition, she has been arbitrarily excluded in violation of the Education Law and directed instead to attend a Special Services School in Westbury.
*472 Respondent has not answered the petition hut has moved to dismiss it as insufficient in law and on the further ground that the court does not have jurisdiction of the subject matter.
Affidavits have been submitted in support of the latter portion of respondent’s motion and it is from them that the court gleans the real nature of this controversy.
Petitioners ’ daughter Carol, a child of 14, has been tested by two school psychologists and found to have an intelligence quotient of less than 50. In private tests run by a psychologist from another school district, who was hired by the parents, the child attained a rating of 71. However, the school psychiatrist under whose supervision this case has been handled, states that this score is not indicative of Carol’s true standing in a public school classroom situation — that rather, it is the result of a one-to-one relationship established with a particular person with whom there existed an excellent rapport and that, therefore, the results are an invalid basis for determining in what kind of class to place the child.
The State Education Law uses neither the expression “ Junior Arts Program ” nor “ Special Services School ” but both parties have assumed that the former is the name of the class which the respondent has established to discharge the duty imposed by section 4404 to educate mentally retarded children having intelligence quotients of not less than 50, and that the latter term is the name of the class for which the school board has contracted to have education supplied by another school district, pursuant to the duties imposed by section 4406, for severely retarded children, i.e., those whose I. Q. is less than 50.
We have then a petition which states that Carol has arbitrarily been refused admittance to the class where her I. Q. fits her to be, and the respondent saying, even assuming this to be true, petitioners have no right of appeal to the courts, but must prosecute their appeal if any, within the Education Department.
The court finds itself in agreement with respondent’s position up to a point, viz.: that decisions by a school administration involving the exercise of discretion are not subject to review by the courts, and the quote from Matter of O’Connor v. Emerson (196 App. Div. 807, 816) aptly states the point: “ The authority and jurisdiction of the Commissioner of Education are exclusive in all matters relating to the supervision and control of the public school system, the discipline of the schools and the management of the school property, and the authority and discretionary acts on the part of officers or agencies of education ” (citing cases). But, as further pointed out in that case (p. 810): “ But where the right of a party depends upon *473 the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided” (citing further cases). Only if we go behind the petition may we conclude that this case does not involve a refusal to fulfill a statutory duty. On the first branch of the motion, this is not permissible since the facts stated in the petition must be accepted as true. (Matter of Grimm v. Buffalo, 8 A D 2d 689.)
On the second branch of the motion recourse may be had to the affidavits and proofs of respondents, but they do not show that the court has no jurisdiction of the subject matter, the subject matter being an alleged refusal to perform a statutory duty; rather they attack the factual background of the petition, and the affidavits may not be used indirectly for this purpose. A court is not deprived of jurisdiction of the subject matter, because facts may exist which will bring the case within the self-imposed doctrine that the court will not interfere with administrative discretion. It has been said that: “ Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. * * * So that there is a more general meaning to the phrase “ subject-matter,” in this connection, than power to act upon a particular state of facts. It is the power to act upon the general, and so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power.” (Hunt v. Hunt, 72 N. Y. 217, 229-230.)
If the evidentiary matter submitted by respondents were annexed to an answer and not replied to, so as to be deemed admitted under section 1292 of the Civil Practice Act, or perhaps even if put in issue by a reply, the court could then proceed to evaluate the true situation in its entirety and if clear enough, decide it on the submitted papers.
While there seems little doubt that on such an evaluation, the petitioners must inevitably lose on this appeal to the courts, the way in which the question comes up now, prevents that determination from being made at this time. Motion denied.