■ In the Matter of the Estate of RICHARD H. RAINEY, Deceased. FIRST NATIONAL CITY TRUST COMPANY, Appellant; AUGUSTA R. RAINEY et al., Respondents.— In a proceeding to probate a will, the petitioner appeals from so much of an order of the Surrogate's Court, Kings County, dated May 3, 1962, as denied its motion for summary judgment striking out the answers, verified objections and jury demand of the contestant Augusta R. Rainey, or, in the alternative, for summary judgment striking out said contestant's objections numbered 4 and 5. Order, insofar as appealed from, affirmed, with $10 costs and disbursements to contestant payable out of the estate. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of FRANCIS REALY et al., Respondents, v. ALFRED B. CAINE, as Acting District Principal of Central High School District No. 2, Sewanhaka, Town of Hempstead, et al., Respondents, and JAMES A. DE SONNE, as Building Principal of the H. Frank Carey High School, Franklin Square, Town of Hempstead, et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act to review the determination of the public school officials and the local Board of Education directing that petitioners' daughter should be sent to the Special Services School established under the authority of section 4406 of the Education Law, rather than to continue in the Junior Arts Program established under subdivision 4 of section 4404 of the Education Law and the regulations promulgated pursuant thereto, the Board of Education and one of the school officials appeal, by permission, from an order of the Supreme Court, Nassau County, dated November 21, 1961, denying their cross motion, made pursuant to section 1293 of the Civil Practice Act, to dismiss the petition for insufficiency and for lack of jurisdiction of the subject matter of the proceeding. Order reversed, on the law, without costs, and motion to dismiss petition granted. The facts are affirmed. It appears, both from the face of the petition and from the affidavits in support of the motion, that the determination under review was made on the basis of tests by the board's psychologists rather than on the basis of tests by petitioners' psychologist. Such a determination necessarily involved an administrative determination — one which could be adequately reviewed by the Commissioner of Education (Education Law, § 310). Therefore, this proceeding under article 78 of the Civil Practice Act does not lie (Civ. Prac. Act, 1285, subd. 4). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [31 Misc 2d 471.]