DECISION
The matter before the Court is Shoreham, Inc.'s d/b/a Ballard's Inn's (Ballard's) complaint for a declaratory judgment concerning the application of G.L. 1956 § 28-12-1 et seq., the Rhode Island Minimum Wage Act (the Act), a statutory scheme which is enforced by the Rhode Island Department of Labor and Training (Department), to its business operations on Block Island. Ballard's seeks a declaration from the Court that its seasonal workers are not "employees" under the Act, but instead fall within a statutory exemption to that definition as set forth in § 28-12-2(5)(vii) for purposes of calculating the minimum wage to which each would be entitled. Jurisdiction is pursuant to G.L 1956 § 9-30-1,et seq.
 I Standard of Review
Under the Uniform Declaratory Judgment Act (UDJA), the Superior Court possesses "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9-30-1; see also P.J.C. Realty v. Barry, 811 A.2d 1202, 1207 (R.I. 2002) (quoting § 9-30-1). The Court's power under UDJA is broadly construed, and allows the trial *Page 2 
justice to "facilitate the termination of controversies[.]"Malachowski v. State, 877 A.2d 649, 656 (R.I. 2005). Therefore, the plaintiff must present the Court with an actual controversy when seeking declaratory relief. Millett v. Hoisting Eng'rs Licensing Div. of Dep'tof Labor, 119 R.I. 285, 291, 377 A.2d 229, 233 (R.I. 1977). Further, it is well-established that a trial court's "decision to grant or to deny declaratory relief under the [UDJA] is purely discretionary."Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997).
 II Analysis
Ballard's runs a business located on Block Island that offers both accommodations and meals to its guests, as well as to the general public. It is operated as a seasonal business, usually opening each year on or about May 13. Ballard's owns a private beach area and also offers that amenity to its guests. Its operations end each year no later than September 30. Ballard's seeks a declaration that the activities of its workers fall within the purview of a statutory exception from the definition of "employee" found within § 28-12-12, which would thereby permit Ballard's to pay its workers the federal minimum hourly wage, an amount which is less than that required by § 28-12-3(d). Section 9-30-2
of the UDJA provides as follows:
 Any person . . . whose rights, status, or other legal relations are affected by a statute, . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder. G.L. 1956 § 9-30-2.
Corporations are included within the statutory definition of "person" with respect to the UDJA. Despite Ballard's status as a "person" whose rights are affected by a statute and, therefore, a party that may seek clarification of its obligations through the UDJA, the Department asserts that its sovereign immunity, resulting from its status as a state agency, precludes Ballard's from seeking a declaratory judgment against it. The Department primarily relies on Capital *Page 3 Properties, Inc. v. State, 749 A.2d 1069, 1080-81 (R.I. 1999) andR.I. Turnpike Authority v. Nugent, 95 R.I. 19, 182 A.2d 427 (1962), to support its argument.
The Court finds Capital Properties inapposite to Ballard's request for declaratory relief. Although the case states that a state agency is not a "person" under the UDJA, but is nevertheless a proper party plaintiff to a suit for declaratory relief when it waives its sovereign immunity by filing the suit itself, the case is silent as to an agency's posture as a defendant. See Capital Properties, 749 A.2d at 1080-81. Further, the definition of "person," as discussed above, is relevant in characterizing the party bringing the action, not defending it.
The Nugent case, however, lends support to the Department's argument. In Nugent, our Supreme Court prohibited a suit for declaratory judgment by one agency against another. In doing so, it commented that "[w]hen one considers what that could result in, we are of the opinion that the legislature intended such a result[.]" Nugent, 182 A.2d at 432. Like theNugent Court, this Court cannot find that the Legislature intended that each time an employer sought clarification of a statutory provision under the Act, it would seek refuge in the Court. In fact, G.L. 1956 § 42-35-8 requires each agency to provide a mechanism through which it may entertain and dispose of requests for declaratory rulings regarding "any statutory provision or of any rule of the agency."[1] Further, the statute provides that this type of ruling would be akin to an agency order in a contested case. See id. The instant matter has not yet been elevated to that status nor is it a contested matter at this point.
Ballard's insists that a string of cases post-Nugent support its request for declaratory relief. The Court finds Ballard's reliance onParente v. Southworth, 448 A.2d 769 (R.I. 1983), Roch v. Garrahy,419 A.2d 827 (R.I. 1980), and Absi v. Dep't of Admin., C.A. No. PC98-4723, *Page 4 
1999 Super. LEXIS 3 (Super.Ct. Dec. 30, 1999), a Superior Court case, misplaced. For example, Parente and Absi involve plaintiffs that arestate employees seeking a declaration of their rights under the Merit System Act. In Roch, the Supreme Court permitted a suit by the Chairman of the Republican State Central Committee against the governor, secretary of state, and the state treasurer, to determine whether the defendants had complied with state election laws. All of these cases would have a significant impact on the public interest and/or involved individuals who had a vested interest in the application of the law.See Roher v. Ford, 425 A.2d 529, 531 (R.I. 1981) (observing the public retains a substantial interest in the outcome of Merit System appeals as "overriding purpose of merit-system legislation is the attainment of an efficient public service that will benefit the people as a whole");see also Roch, 419 A.2d at 830 (commenting "importance of the electoral process is central to the preservation of all other civil liberties").
This case is not factually similar to those others in which complaints for declaratory relief were entertained when brought by private parties against an agency. Here, a private employer is seeking clarification of its rights and obligations under a statutory provision which has not yet been enforced against it by the Department.[2] The interest to be protected is one solely related to the private employer; the statutory provision on which Ballard's seeks declaratory relief would be characterized only in relation to its own operations and would not affect the general public. This Court, therefore, will not expand the narrow instances in which a private party falling under an agency's jurisdiction may approach the Court for declaratory relief under the facts of this case. To do so would inundate the Court with similar requests and thereby hinder the agency *Page 5 
processes designed to alleviate congestion in the courts. As a result, this Court shall not grant Ballard's request for declaratory relief.
The Court does, however, observe that no Department rule or regulation defines "resort establishment" as provided in § 28-12-2(5)(vii), the phrase about which Ballard's seeks clarification. That subsection carves out an exemption from the state minimum wage rate for "[a]ny individual employed between May 1 and October 1 in a resort establishment which regularly serves meals to the general public and which is open for business not more than six (6) months a year[.]" Therefore, the section itself is the only text which sheds light on the meaning of "resort establishment." Absent any other regulation, it appears that this provision is self-defining. Should the Department interpret the plain language of the statute differently, the Court suggests it needs to clarify this provision through the agency's rule-making processes relating to the statutory provisions and rules that it is charged with enforcing.
 III Conclusion
For the foregoing reasons, the Court declines to grant Ballard's request for declaratory relief. Counsel shall submit an appropriate order for entry.
[1] Neither party has presented evidence indicating that the Department has in place a rule which permits a party falling within its regulatory jurisdiction to seek declaratory relief.
[2] Section 28-12-14(7) allows the director, commissioner, or an authorized representative or either to "[b]ring all actions, suits, complaints, and prosecutions for the violation of any of the provisions of this chapter." The "director" means the director of labor and training, see § 28-12-2(3), and the "commissioner" refers to the minimum wage commissioner who is appointed by the director. See
§ 28-12-1(2). *Page 1