ROBERT GRAY *vs.* BLANCHE LEEMAN, *Adm'x c.t.a., et al.*
ROBERT GRAY *vs.* BLANCHE LEEMAN, *Adm'x c.t.a., et al.*

JUNE 4, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. These two cases were heard separately in this court but we deem it advisable to consolidate them in one opinion.

The first is a petition for a writ of certiorari brought in this court. The writ issued and the pertinent records have been certified in compliance therewith.

The second case was brought in the superior court and is a petition for a declaratory judgment pursuant to the provisions of P. L. 1959, chap. 90, now G. L. 1956, chapter 30 of title 9. The petitioner prayed, inter alia, for a declaration of his rights and status. It was heard by a superior court justice who entered a final decree denying all of his prayers except that requesting a declaration as aforesaid. The cause is before us on the petitioner's appeal from the denial of four of his prayers and from the declaration of his rights and status as determined by the trial justice. Being uncertain as to the proper procedure he has also filed a bill of exceptions.

It appears from the record that Alice M. Cook died testate on December 31, 1960, leaving a last will and testament dated June 10, 1955. It was duly admitted to probate on February 7, 1961 and respondent Blanche Leeman qualified as administratrix c.t.a. on the following day.

The will provided for several charitable bequests and fourteen specific legacies to certain relatives and friends of the deceased. Following each of such legacies, except the last, which was bequeathed to a personal friend, there appeared the following, "if she be living at the time of my death" or in the alternative "if he be living at the time of my death," as the case might require. There then followed a residuary clause, the pertinent language of which is as follows: "* * * I do hereby give, devise and bequeath in equal shares, share and share alike, to aforesaid cousins, Mollie Hogan, Margarite Gray, Blanche Leeman, Mathew Gray, James Gray, Edward Gray, William Gray, and to my aforesaid friends Mary V. McGuirk, and Gertrude M. Lyons, if they be living at the time of my death." The "aforesaid" cousins and friends were also the beneficiaries of specific legacies.

The residuary clause also contained the following pertinent paragraph: "If there are insufficient funds in my estate to pay all the aforesaid gifts at the time of my decease, then my executor shall pay them in full in the order named."

The record further discloses that among the "aforesaid" cousins were the respondent Blanche Leeman and James Gray. The latter died on January 29, 1957, predeceasing the testatrix by one month short of four years. He left an adopted son Robert, the petitioner herein. On the authority of G. L. 1956, §33-6-19, the so-called anti-lapse statute, petitioner, claiming the legacies bequeathed to his father, requested the administratrix c.t.a. to bring a bill in equity for the construction of the will as provided in G. L. 1956, §9-24-28.

She declined to do so and suggested that he might commence a suit in equity at his own expense if not satisfied. Thereupon he filed the instant petition. He joined as respondents Blanche Leeman individually and in her capacity as administratrix c.t.a. and all surviving residuary legatees. In addition to petitioner's father it appeared that a cousin, Mollie Hogan, had also predeceased the testatrix.

After reciting the facts herein related and alleging that respondent was not a proper person to serve as administratrix c.t.a. by reason of her personal interest in the estate, the petition prays as follows:

"1. That the said Blanche Leeman be removed as Administratrix c/t/a and a successor fiduciary who will impartially discharge the duties of this office be appointed by this Honorable Court; that the letters of administration heretofore issued to her be revoked, and that the said Blanche Leeman account to this Court for all funds coming into her hands as Administratrix c/t/a or otherwise.

"2. That the fiduciary, Blanche Leeman, Administratrix c/t/a, or a successor, be directed to bring a Bill in Equity pursuant to the provisions of Title 9, Chap-

ter 24, Section 28 requesting the aid of this Honorable Court in construing the Will of the said Alice M. Cook.

"3. That the respondent, Blanche Leeman, c/t/a, be temporarily and permanently enjoined and restrained until further order of this Court from distributing, directly or indirectly, any of the assets of the said Estate of Alice M. Cook.

"4. That your Petitioner recover his costs and attorneys' fees.

"5. That this Honorable Court declare the rights, status and other legal relations of your Petitioner in these presents and that your Petitioner have such other and further relief as to this Honorable Court shall seem meet and just; and that a declaratory judgment or decree be entered in such manner and on such terms as to this Honorable Court shall seem meet and proper and the interests of your Petitioner require."

Upon the conclusion of the hearing, at which testimony was received from petitioner and respondent administratrix c.t.a., together with certain exhibits, the trial justice determined that under the provisions of G. L. 1956, §§9-30-2 and 9-30-4, the superior court had been vested with jurisdiction to act in the premises. She denied the first four prayers and granted the fifth declaring no interest in petitioner, and gave her reasons therefor.

The petitioner, being uncertain as to the proper procedure, thereupon within the time authorized by law filed his bill of exceptions, and within thirty days after the filing of the decision but prior to the entry of a decree he filed a claim of appeal. A final decree was filed January 11, 1962 and the reasons of appeal were filed February 5, 1962.

On December 13, 1961, petitioner made application to this court for a writ of certiorari alleging therein that the superior court had acted illegally and in excess of its jurisdiction. We issued the writ and the cause came on to be argued before us April 2, 1962 on the contentions of the parties as to the propriety of the writ. Thereafter, namely,

April 23, 1962, the cause was argued on the claim of appeal and the bill of exceptions.

In *Newport Amusement Company* v. *Maher,* 92 R. I. 51, 166 A.2d 216, we held that proceedings seeking declaratory judgment are neither an action at law nor a suit in equity but novel statutory proceedings, and where the proceedings below were concluded by the entry of a decree as in a suit in equity, the appropriate review is by appeal. Here, as there, the bill of exceptions is overruled pro forma.

For reasons hereinafter set forth we are of the opinion that within the limited scope of declaring the rights and status of a specific legatee, the superior court was vested with jurisdiction; the petition for certiorari is denied and dismissed and the writ heretofore issued is quashed.

We come now to a consideration of petitioner's claim of appeal. The respondents contend that since it was filed prior to the entry of a final decree, it does not conform to the applicable statutes made and provided. In support of their contention they cite *Coen* v. *Corr,* 90 R. I. 185, 156 A.2d 406, wherein we held that the appeal was premature and not in conformance with G. L. 1956, §9-24-1. They misconceive the scope and import of that decision. There we held that the decree was interlocutory and not final as required by the statute. Nor did it come within that class of interlocutory decrees which in unusual circumstances might be reviewed. See *McAuslan* v. *McAuslan,* 34 R. I. 462. It is a final decree from which the instant petitioner has appealed and the question raised is whether, the claim of appeal having been taken prior to the entry of the decree, review thereof may be had in this court despite the provision of §9-24-1 that an appeal may be taken within thirty days *after* the entry of a final decree.

Insofar as we have been able to discover, this question has not been previously considered by us. Although not necessarily approving of the practice, we are of the opinion that the filing of a claim of appeal prior to the entry of

the decree does not in and of itself render the appeal defective so as to deny appellant a review in this court where the filing of the reasons of appeal, together with the approved transcript, were entered subsequent to the entry of the decree and within the time approved by the superior court as disclosed by the record in the instant cause. No unfair advantage inures thereby to appellant nor does any disadvantage result to appellee. A careful reading of G. L. 1956, chapter 24 of title 9, discloses that nothing therein contained requires us to reach a different conclusion. We are of the opinion that we are not unwarranted in holding that the claim of appeal attaches to the reasons thereof at the time the latter is properly entered.

Included in petitioner's reasons of appeal which we deem necessary to consider are the following:

"(1) In refusing to remove the Administratrix, c/t/a, and appoint a successor fiduciary who would impartially discharge the duties of this office.

"(2) In refusing, with respect to the Petitioner, to direct the Administratrix, c/t/a, to follow the usual procedure for the construction of a will by bringing a Bill in Equity pursuant to the provisions of Title 9, Chapter 24, Section 28 of the General Laws of Rhode Island 1956.

"(3) In refusing to continue during the period of appeal the temporary injunction against distributing, directly or indirectly, any of the assets of the Estate of Alice M. Cook.

"(4) In refusing to the Petitioner his costs and attorneys' fees.

"(5) In misconstruing that the Petitioner had requested in the instant proceeding a construction of the Will of Alice M. Cook.

"(6) In holding that the Superior Court, by virtue of the Uniform Declaratory Judgements Act, has jurisdiction to construe the Will of Alice M. Cook.

"(7) In refusing to consider the interests of parties or other heirs other than your Petitioner who might be affected by the will in question.

"(8) In refusing to the Petitioner the share of his father, which share arises by virtue of the provisions of Title 33, Chapter 6, Section 19 of the General Laws of Rhode Island 1956, the 'Anti-Lapse Statute.' "

We shall consider the first two specified reasons as one, since in our opinion the trial justice did not err for the reason that she lacked jurisdiction to grant the prayers to which they relate. Nothing contained in G. L. 1956, chapter 30 of title 9, vests the superior court with jurisdiction in declaratory judgment proceedings either to remove a fiduciary or to order such fiduciary to perform any act which petitioner in the proceedings might believe to be desirable. He, the petitioner, is entitled to nothing more than a declaration of his rights and status, even though in appropriate cases some measure of temporary injunctive relief might in the discretion of the court be ordered, not by way of relief to petitioner but for the sole purpose of preventing a declaration to which petitioner is entitled from becoming moot. If supplemental relief becomes necessary following a declaration of rights it is to be sought in subsequent proceedings. G. L. 1956, §9-30-8.

Reasons three and four may likewise be considered together. Although the restraining order sought against respondent Blanche Leeman as administratrix c.t.a. might conceivably be within the jurisdiction of the court, the granting of the prayer in this regard was clearly within the discretion of the court and the denial thereof was not an abuse of such discretion in our opinion.

General laws 1956, §9-30-10, does specifically provide for an allowance of costs but again a question of the court's discretion only is involved. We are of the opinion that in denying costs to petitioner, the trial justice did not abuse her discretion.

The petitioner's fifth and sixth reasons presuppose that the trial justice undertook to construe the will of Alice M. Cook as such and he argues that in the light of the well-

established practice in this state and the numerous decisions relating thereto, it was error for her to do so. Whether there is merit in this contention we need not decide, since the trial justice in her decision expressly restricted the scope of her construction to a declaration of the rights and status of petitioner. Assuming without deciding, however, that read as a whole G. L. 1956, chapter 30 of title 9, vests the superior court with plenary jurisdiction in the construction of wills, the assumption of such jurisdiction by that court would be unfortunate.

It is provided in §9-30-6, that "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if [rendered] or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

Little imagination is required to foresee that construction by a superior court justice would inevitably result in an appeal to this court, thus bringing about a review of the justiciable issues which would have been more satisfactorily initiated pursuant to the provisions of G. L. 1956, §9-24-28.

Moreover petitioner, for all practical purposes, recognizes that the trial justice limited the scope of her inquiry to the rights of petitioner by the very language contained in his seventh reason. This reason, as we understand it, rests on the proposition that when the trial justice erred, as petitioner alleges, in assuming to construe the entire will she compounded such error by refusing to pass upon the rights and interests of all others designated as beneficiaries therein. There is no merit in this contention, the short answer to which is that petitioner vigorously argued that he did not pray for such a result. As previously noted, the trial justice scrupulously avoided doing any more than was necessary to declare petitioner's rights and status. She stated, "The Court has taken jurisdiction under Sections 2 and 4 to determine the status of Robert Gray under the will of Alice M. Cook."

Sections 9-30-2 and 9-30-4 thus referred to by the trial justice read respectively as follows:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

"Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

"(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

We are of the opinion, from a careful reading of the foregoing sections, that the trial justice was vested with jurisdiction to declare the rights, status and other legal relations of petitioner under the Cook will. Although none of the parties to this appeal would have reason to challenge such jurisdiction, and no one does, the question was raised in the petition for certiorari. It was on the basis of the limited jurisdiction assumed by the trial justice pursuant to the provisions of §§9-30-2 and 9-30-4 that the petition for certiorari was hereinbefore denied and dismissed.

There remains the further question of whether the trial justice was correct in declaring that petitioner was not entitled to take the legacies bequeathed to his father.

In reaching her decision the trial justice referred to the testimony of the parties and more specifically to certain exhibits purporting to show the relationship to the testatrix of all those mentioned in her will. She observed that the testatrix was well aware of Robert, but had failed to mention him, whereas she had bequeathed legacies to some of her cousins who stood in the same degree of kinship to her as did petitioner.

The trial justice then took note of testatrix's repeated use of the language "if he be living at the time of my death" and concluded that it was the testatrix's intention to premise the gift to petitioner's father on the condition that the latter should survive her. Such an intention appearing, the trial justice concluded that the anti-lapse statute was not applicable.

This statute, G. L. 1956, §33-6-19, reads as follows:

> "When any person to whom any real or personal estate shall be devised or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue, in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will."

The petitioner concedes that the intention of the testatrix if definitely ascertainable and lawful must govern, but he argues that by no reasonable construction can it be said that she intended to exclude him from taking the share bequeathed to his father. He further concedes that if the gifts to the residuary legatees were gifts to a class the anti-lapse statute could not be invoked, but he contends that from the language employed by the testatrix it is clear that she was conferring her bounty on individuals and not be-

queathing it to a class of beneficiaries. In this regard he cites and quotes from *Church* v. *Church,* 15 R. I. 138, *Chase* v. *Peckham,* 17 R. I. 385, and *Swinburne, Petitioner,* 16 R. I. 208.

We are in accord with the principles laid down in these cases and agree that they are authority for the proposition that Alice M. Cook intended the gift to James Gray to be a gift to an individual and did not intend that it should be considered as a gift to a class. We do not agree, however, that she did not also clearly intend to exclude from her bounty all who might be entitled thereto, except for the fact that they were not specifically included.

The petitioner cites *Weeden Home* v. *Heirs of Weeden,* 73 R. I. 22, wherein this court stated at page 23: "To ascertain the intention of the testatrix in this cause, her language should not only receive a sensible interpretation but such intention should be interpreted with reference to the whole will, keeping in mind that the plan or scheme of the will and the objects which it seeks to attain are material factors in determing her intention."

He then stresses the language in both paragraphs of the residuary clause. We are of the opinion that the language therein contained and on which he relies clearly manifests an intention on the part of the testatrix to exclude all of her relatives not specifically mentioned.

The language in the second paragraph, whereby the testatrix intended to bequeath legacies in the order of the beneficiaries named should there prove to be insufficient assets to comply with all of her bequests, more than suggests that she intended to give only to those named who survived her and that the trial justice correctly found that the use of the phraseology, "if he be living at the time of my death," demonstrated an intention to premise the gifts on survivorship.

The petitioner further argues, however, that by the posture in which this phraseology appears in the residuary or

Twenty-Second clause it is applicable only to the last two named beneficiaries, Mary V. McGuirk and Gertrude M. Lyons. We are of the opinion that there is no merit in this contention. A careful examination of the punctuation employed in clause Twenty-Second leads us to the inescapable conclusion that the phrase, "if they be living at the time of my death," refers to all of the named beneficiaries in the residuary clause. The use of the conjunction "and" between the last-named cousin, William Gray, and the naming of her two friends had no significance other than to point out the status of the last two named beneficiaries as friends. We are not persuaded as is argued by petitioner that the conjunction here was employed by the testatrix to complete the gift to one group of individuals before the inclusion of another group which alone would be conditioned upon survivorship. Such a contention would be more persuasive if the testatrix had not used the phrase in connection with the specific legacies bequeathed to the same cousins and friends as are named in her residuary clause.

As hereinbefore stated the petition for certiorari is denied and dismissed and the writ heretofore issued is quashed, and his bill of exceptions is overruled pro forma. His appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Wilfrid E. McKenna, Bernard P. Campbell,* for petitioner.

*Thomas W. Pearlman,* for respondents.