382 A.2d 815.

JOHN F. LITTLE, JR. *d/b/a*
LITTLE'S OFFICE EQUIPMENT COMPANY *vs.*
BARNETT CARTER & CO., INC.

FEBRUARY 15, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM.   This is a civil action in which the plaintiff sought to enjoin the defendant from auctioning office machines, equipment, and furniture. The defendant was served with a restraining order pending a hearing on the plaintiff's request for a preliminary injunction. The auction was cancelled, but the property was apparently sold by its owners at a private sale, whereupon the plaintiff filed a motion to adjudge the defendant in contempt. The defendant answered and counterclaimed for damages for malicious prosecution and abuse of process.

After the hearing, the prayer for a preliminary injunction was denied, and the temporary restraining order was dissolved. The defendant thereafter filed an amended counterclaim which plaintiff sought to dismiss for failure to state a claim upon which relief could be granted. A hearing was subsequently held on defendant's counterclaim. Without hearing any testimony the trial justice granted the motion to dismiss and entered judgment for plaintiff. The defendant appeals from that judgment.

The plaintiff's motion to dismiss the counterclaim was in effect a Super. R. Civ. P. 12(b)(6) motion. In deciding the motion, the trial justice examined the record and the transcript to determine that the property had been sold subsequent to issuance of the restraining order and that the only question to be decided was whether defendant was entitled to damages. The trial justice stated that the law in Rhode Island does not permit recovery of damages suffered as a result of an erroneously granted restraining order because any damages would be speculative. He therefore denied defendant's prayer for damages, granting plaintiff's motion to dismiss the amended counterclaim. We believe that the trial justice committed error on so holding.

The rule is well settled that a party is entitled to recover damages resulting from an erroneously granted injunction

where the action is, as here, one for malicious prosecution. *Johnson Wholesale Perfume Co.* v. *Blumen,* 63 R.I. 485, 9 A.2d 857 (1939). In holding to the contrary the trial justice made a mistake of law which was reversible error.

Additionally, a 12(b)(6) motion is solely directed to the sufficiency of the complaint. The record reveals that the trial justice considered matters outside the complaint. Once he did so, he was then required to regard the motion as one for summary judgment, *Palazzo* v. *Big G Supermarkets, Inc.,* 110 R.I. 242, 292 A.2d 235 (1972), and dispose of it according to Rule 56. *Goldstein* v. *Rhode Island Hospital Trust National Bank,* 110 R.I. 580, 296 A.2d 112 (1972); *Warren Education Association* v. *Lapan,* 103 R.I. 163, 235 A.2d 866 (1967). Even if the trial justice did consider the motion as one for summary judgment, he exceeded his authority in ruling on such a motion by acting as a factfinder rather than as an issue finder. In so doing, he committed reversible error.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Goldman, Biafore & Hines, Dennis H. Esposito,* for plaintiff.

*Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr.,* for defendant.