403 A.2d 252.

## GILBERT R. PERRON *et al. vs.* TREASURER OF THE CITY OF WOONSOCKET *et al.*

JULY 2, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.  The plaintiffs in this civil action are appealing the Superior Court's dismissal of their two-count

complaint wherein one count they charge the city of Woonsocket (the city) with violating the provisions of the State's Unfair Trade Practices and Consumer Protection Act, and in the other count they seek a declaratory judgment concerning their right to the continuous operation, repair, and maintenance of a private water line owned by Leo A. Cabana (Cabana).

A review of the pleadings and memoranda accompanying the 12(b)(6) and other motions to dismiss filed by both the city and Cabana indicates that all of the plaintiffs own and reside in property located on Greenville Road in North Smithfield. The city sells water to the residents of its neighboring communities. The Greenville Road houses were originally serviced by a 2-inch main which was installed in 1924 and owned by Albert Valliere (Valliere). During the early portion of 1975, the city let the fact be known that it would no longer allow its product to enter the Valliere main because the pipe was leaking. The city agreed with the Greenville Road residents that if they could obtain Cabana's permission to tie into his 6-inch Transite main, the city would install the necessary connections at a cost to each owner of $85. Cabana was willing to oblige if the consumers would each pay $350 for each tie-in. Ten such individuals said yes, and all of them paid the city the $85 tie-in fee. When the city's employees attempted the first tie-in, they broke the main. The city spent $1,000 to repair the break, and at this time the city returned the $85 deposit to each of the remaining nine consumers and told them to look elsewhere for relief.

Some of the consumers appealed to the Rhode Island Division of Public Utilities (the division). On May 2, 1975, the division held a formal hearing on Gilbert R. Perron's complaint that the city was about to shut off the supply of water to the Valliere main. The division published an opinion in which it ruled that the city had a right to shut off the water until the leak was repaired. In time, plaintiffs engaged the services of a plumber, who made the necessary connection to Cabana's Transite main.

In the first count, plaintiffs recite the experiences to which we have just alluded and then observe that the actions of the city's "agents, servants, and employees constitute conduct which creates a likelihood of confusion and misunderstandings and are unfair and deceptive to the Plaintiffs-consumers and mislead and deceive consumers." The count concludes with a prayer for damages, compensatory as well as punitive, and a reasonable attorney's fee. Later, in seeking a declaratory judgment, plaintiffs allege that the city, jointly with Cabana, constitutes a public utility and asks that the Superior Court remove the cloud of "uncertainty and insecurity" which hangs over their right to use the 6-inch main and the city's and Cabana's obligations to repair, operate, maintain, and utilize the main.

The trial justice, in granting the city's and Cabana's motions to dismiss, based her grant on her review of "the entire file" in the above-captioned case. Since the trial justice, by her reference to "the entire file," appears to have gone beyond the assertions of the pleadings, we shall consider the motions to dismiss as motions for summary judgment. *Little* v. *Barnett Carter & Co.*, 119 R.I. 686, 688, 382 A.2d 815, 816 (1978); *Goldstein* v. *Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 587, 296 A.2d 112, 116 (1972); *Warren Educational Association* v. *Lapan*, 103 R.I. 163, 168, 235 A.2d 866, 869-70 (1967). Thus, we look at the record to determine if there exists a question of law or a question of fact to be resolved. If there is a factual issue unresolved, then this controversy must be remanded forthwith to the trial court. If the issue is solely one of law, we shall resolve it.

An examination of the record makes clear that at no time did plaintiffs ever claim that Cabana dealt with them in any manner, shape, or fashion that would make his actions come within the reach of the Deceptive Trade Practices Act. Clearly, then, the judgment for Cabana, insofar as it relates to the first count, is amply justified.

On the other hand, plaintiffs' description of the city employees' conduct embodies within it the statutory defini-

tion of unfair or deceptive acts or practices. *See* G.L. 1956 (1969 Reenactment) §6-13.1-1(e)(12) to (14). Further, the Act makes it clear that its prohibitions are far reaching because they apply to the "advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state." Section 6-13.1-1(b).

Section 6-13.1-4 of the Act exempts from its operation "actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the United States."

In *State* v. *Piedmont Funding Corp.*, 119 R.I. 695, 382 A.2d 819 (1978), we ruled that this exemption was intended to apply to all those activities and businesses which are monitored by either state or federal regulatory bodies or officers. *Id.* at 699, 382 A.2d at 822. In *Piedmont,* we held that since the sale of certain insurance and investment-security programs was subject to the control of both federal and state officials, any such transactions were exempt from the Act. We went on to say that initially the burden is upon the person seeking the exemption and, once the exemption is demonstrated, the adversary must then demonstrate that the specific act in question does not come within the exemption.

The plaintiffs concede that the city water department is a public utility regulated by the Public Utilities Commission (PUC) pursuant to the various provisions of G.L. 1956 (1977 Reenactment) chapter 1 of title 39. However, they contend that the utility's agreement to make the Greenville Road tie-in is not subject to regulation by the PUC and, therefore, does not come within the exemption.

In resolving this facet of the dispute, we first look to §39-1-1, where the Legislature declared in simple and direct language that it is the policy of the state to promote the availability of adequate, efficient, and economical water supplies

to its inhabitants and to provide just and reasonable rates and charges for such supplies. To accomplish this goal, the PUC is given the exclusive authority to govern the conduct of companies that distribute and sell water to the public. Although chapter 1 of title 39 gives broad powers to the PUC in its supervision over water utility companies, we do not believe that the city's hookup agreement falls within the chapter's parameters, and thus it does not come within the purview of the Act. The hookup agreement was no more than a private contract between the city[1] and plaintiffs. Cabana's main is not part of the city's water distribution system. Indeed, when plaintiffs learned that the city would not perform the necessary work, other arrangements were made, and plaintiffs did tie into Cabana's line.

Accordingly, we hold that plaintiffs' action on the alleged violation of the tie-in agreement is cognizable under the Act, and thus the blanket grant of summary judgment regarding count one was erroneous. In taking this position, we express no opinion regarding whether the city's actions would, in fact, contravene the provisions of the Act. That issue is one directed for the trier of fact on remand.

In *Millett* v. *Hoisting Engineers' Licensing Division*, 119 R.I. 285, 291, 377 A.2d 229, 233 (1977), we observed that since the purpose of the declaratory judgment statutes is to facilitate the resolution of disputes between the parties in regard to their legal rights without proof of anyone's fault, the statute should be liberally construed, but then we hastened to comment that any individual seeking declaratory relief must present the court with a viable controversy.

After reviewing the entire file, we are somewhat dubious about whether there is an actual dispute between the parties. However, in *Redmond* v. *Rhode Island Hospital Trust*

---

[1] As defined in G.L. 1956 (1977 Reenactment) §39-1-2, a "public utility" excludes a municipal or public water company unless such an entity "sells water, on a wholesale or retail basis, outside the territorial limits of such city or town, special district or quasi-municipal corporation * * *."

*National Bank,* 120 R.I. 182, 386 A.2d 1090 (1978), we alluded to the discretionary nature of a declaratory judgment action and pointed out that the discretion rests in the area of whether relief will be granted, not whether the court will entertain the motion. *Id.* at 186, 386 A.2d at 1092. In line with what we said in *Redmond,* the trial justice erred in not affording the plaintiffs a full opportunity to be heard on the merits of their request. *See also* 1 Kent, *R.I. Civ. Prac.* §57.2 at 427-28. Accordingly, the dismissal of the declaratory judgment count was erroneous.

The plaintiffs' appeal insofar as it relates to the grant of the city's motion to dismiss both counts is sustained, but it is denied insofar as it relates to Cabana's motion to dismiss[2] the deceptive-practices count; that portion of the judgment that concerns Cabana's motion is affirmed, and that portion of the judgment granting the city's motion to dismiss is hereby vacated; and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*William G. Savastano,* for plaintiffs.

*Aram P. Jarrett, Jr.,* Assistant City Solicitor, *Zimmerman, Roszkowski & Brenner, Richard E. Kyte, Jr.,* for defendants.

---

[2]Cabana's motion to dismiss was directed solely to the count relating to deceptive trade practices. He did not challenge the plaintiffs' right to seek a declaratory judgment.