Francis O. DOYLE

v.

George CHIHOSKI.

No. 81–415–Appeal.

Supreme Court of Rhode Island.

April 9, 1982.

---

Albert B. West, Providence, for plaintiff.

Mann & Roney, Robert B. Mann, Providence, for defendant.

OPINION

PER CURIAM.

This is a Superior Court civil action in which the plaintiff, a duly licensed real estate broker,[1] seeks payment of a broker's

---

1. Any individual who desires to be employed as a "real estate broker" or a "real estate salesman" must first be licensed by the Director of the Department of Business Regulation. This license is obtainable only after the applicant has successfully completed a written examination that demonstrates the applicant's knowledge of reading, writing, spelling, elementary arithmetic, and, in general, the statutes relating

fee from the defendant. A jury returned a verdict for the plaintiff in the amount of $5,340. The defendant's motion for a new trial was denied, and on March 16, 1982, the defendant appeared before a panel of this court in response to an order to show cause why his appeal should not be summarily dismissed.

The defendant's counsel argued at great length that both the Home Solicitation Sales Act, G.L. 1956 (1969 Reenactment) chapter 28 of title 6, and the Deceptive Trade Practices Act, chapter 13.1 of title 6, as enacted by P.L. 1968, ch. 12, barred recovery. However, § 6–28–2, as amended by P.L. 1973, ch. 229, § 1, after defining a home-solicitation sale as the "sale of goods and/or services," immediately goes on to say, "other than insurance, or real estate." Thus, this exclusionary language exempts from the statute's operation any agreement calling for the payment of a commission to a real estate broker who produces the requisite ready, willing, and able buyer.

Likewise, in *Perron v. Treasurer of the City of Woonsocket*, R.I., 403 A.2d 252 (1979), and *State v. Piedmont Funding Corp.*, 119 R.I. 695, 382 A.2d 819 (1978), it was stressed that the Deceptive Trade Practices Act does not apply to any transactions or actions that are subject to the supervision of either Rhode Island's Department of Business Regulation or some federal regulatory body or official. Since the real estate brokerage industry is regulated by the Department of Business Regulation, the trial justice quite properly rejected defendant's reliance on the Deceptive Trade Practices Act.

After review of the defendant's brief and arguments of respective counsel, we believe that the defendant has failed to show cause.

Accordingly, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

MURRAY and SHEA, JJ., did not participate.

to real property, deeds, mortgages, leases, contracts, and agency. Members of the Rhode Island Bar who are desirous of seeking a

license are not required to take the examination. *See* G.L. 1956 (1976 Reenactment) § 5–20.5–4, as amended by P.L. 1981, ch. 249, § 1.