DECISION
The above-entitled matter comes before this court on the third-party defendant municipalities' motions to dismiss the complaint of the third-party plaintiffs, pursuant to R.I. R. Super. Civ. P. Rule 12, or in the alternative, motions for summary judgment pursuant to R.I. R. Super. Civ. P. Rule 56.[1]
Facts
Plaintiffs R. R. Associates, L. L. Associates, Robert Laferriere, John Doe and Richard Roe, (hereinafter "plaintiffs"), own land adjacent to the north branch of the Pawtuxet River, downstream from what is presently known as the Scituate Reservoir. Plaintiffs allege that the General Assembly, through P.L. 1915, ch. 1278, (hereinafter the "1915 Act") authorized the City of Providence to develop the Scituate Reservoir and created the Providence Water Supply Board to regulate and control the reservoir's water supply. This regulation of the reservoir's water supply necessarily affects the waterflow from the Scituate Reservoir into the Pawtuxet River. In fact, the 1915 Act authorized the Providence Water Supply Board to acquire by condemnation certain waters of the Pawtuxet River in order to supply water to the City of Providence and to the other territories entitled to water under that Act.
As authorized by the 1915 Act, the Providence Water Supply Board did condemn certain water on the north branch of the Pawtuxet River. The Hope Company, B.B. R. Knight, Inc. and Interlaken Mills, riparian owners along the north branch of the Pawtuxet River, claimed that the Providence Water Supply Board owed them compensation for the condemnation. On September 1, 1922, the Providence Water Supply Board and the riparian landowners entered into a contract (hereinafter "1922 contract") to settle those claims for compensation. Plaintiffs in this action allege that they are successors-in-interest to those riparian landowners. Since the 1922 contract, the General Assembly has amended the 1915 Act several times.[2] Each amendment names additional municipalities who may take and receive water from the Scituate Reservoir.
Plaintiffs filed the original complaint in this action against the defendants, City of Providence and Providence Water Supply Board, alleging that plaintiffs may recover for a breach of the 1922 contract and for successive condemnations of water on the Pawtuxet River. This condemnation claim arises out of plaintiffs' allegation that each time the General Assembly amended the 1915 Act to invest an additional geographic area with the "right to take and receive" water from the Scituate Reservoir, a "taking" of the water rights of the plaintiffs' predecessors-in-interest occurred, resulting in damages recoverable by plaintiffs.
City of Providence and Providence Water Supply Board filed a third-party complaint to implead, as third-party defendants, the State of Rhode Island and all of the municipalities allowed to take and receive water by the amendments to the 1915 Act. The City of Providence and Providence Water Supply Board (hereinafter "third-party plaintiffs"), allege in their third-party complaint that the municipalities owe indemnification and contribution for all or part of plaintiffs' claims against the third-party plaintiffs.
The municipalities now move to dismiss the third-party complaint, or in the alternative, move for summary judgment. In their motions, the municipalities aver that the third-party plaintiffs have failed to demonstrate any set of facts under which the municipalities would owe indemnification or contribution to the third-party plaintiffs. Specifically, the municipalities contend that they are not liable to the original plaintiffs and, therefore, the third-party plaintiffs cannot maintain an action for indemnification and contribution. The municipalities further declare that any obligation to the plaintiff is fully discharged by the third-party plaintiffs. The third-party plaintiffs' countervailing argument asserts that they may seek indemnification and contribution from the municipalities because the municipalities' actions in taking and receiving water from the Reservoir amount to a taking within the meaning of a condemnation action.
Standard of Review
It remains well-settled in Rhode Island that, upon a motion brought pursuant to Super. Ct. R. Civ. P. Rule 12 (b)(6), that once a trial justice considers affidavits and other materials outside of the pleadings, the court must treat the motion as one for summary judgment. Bethlehem Rebar Industries, Inc. v.Fidelity and Deposit Co. of Maryland, 582 A.2d 442, 444 (R.I. 1990). The record, however, must clearly indicate that the court did so treat the motions as motions for summary judgment. Menziesv. Sigma Pi Alumni Ass'n, 110 R.I. 488, 294 A.2d 193 (R.I. 1972). Once a motion is so converted, the court's inquiry is not longer focused upon the sufficiency of a complaint, but rather, must turn to the standards applicable for summary judgment under Super. Ct. R. Civ. P. Rule 56. Little v. Barnett Carter Co.,Inc., 119 R.I. 686, 382 A.2d 815, 816 (R.I. 1978). In this case, the parties have submitted affidavits for the court's consideration. In addition to these affidavits, the court has looked to the 1922 contract and to the record as a whole. Consequently, this court will treat these motions as motions for summary judgment.
Rhode Island Super. R. Civ. P. Rule 56 governs summary judgment. This rule, as all rules of civil procedure, must be "construed and administered to secure the just, speedy and inexpensive determination of every action." R.I. Super. R. Civ. P. Rule 1. Rule 56 (c) requires a trial justice to determine the necessity of a trial by identifying genuine issues of material fact in dispute. Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved.Sisters of Mercy of Providence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after review of the evidence in the light most favorable to the nonmoving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. Rule 56 (c). Harritos, et al v. Cambio, et al, C.A. No: 96-170, Slip Op. at p. 3 (R.I. filed October 17, 1996.).
Discussion
To successfully assert an action for indemnity in Rhode Island, the party seeking indemnity must prove three elements. First, the party seeking indemnity, the indemnitee, must be liable to the plaintiff. Muldowney v. Weatherking Products, Inc.,et al, 509 A.2d 441, 443 (R.I. 1986). Second, the prospective indemnitor must also be liable to the plaintiff. Id. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor. Id. Therefore, in order to succeed in their third-party complaint, third-party plaintiffs would have to present sufficient facts to demonstrate that the municipalities are liable to the original plaintiffs in contract or under a condemnation theory.
The municipalities first deny liability for indemnification as they contend that no set of facts exist to support the municipalities' liability to the plaintiff under a theory of condemnation. The third-party plaintiffs, in opposition, argue that the municipalities are liable to the plaintiff under a theory of condemnation because, as possessors of the right to take and receive water, the municipalities become condemning authorities when they exercise their rights to take and receive water. The third-party plaintiffs cite no persuasive authority to support their assertion.
The right to exercise the power of eminent domain by condemnation is a legislative power. It is well-settled in Rhode Island that any statute which authorizes the exercise of eminent domain must be strictly construed. Ronci Manufacturing Co., Inc.v. State of Rhode Island, et al, 121 R.I. 903, 403 A.2d 1094
(R.I. 1979). The General Assembly delegated the eminent domain power in the 1915 Act. The 1915 Act clearly and unequivocally grants the City of Providence the authority to acquire waters in the Pawtuxet River in order to accommodate the needs of the Scituate Reservoir.
 "Said city of Providence is hereby authorized . . . to acquire absolutely by condemnation, the waters of said branch of said river and its tributaries, or any part or parts thereof . . . and any water or flowage rights or privilege appurtenant or connected with said area . . . and to appropriate and divert the same." (emphasis added).
P.L. 1915, ch. 1278, § 6.
A strict construction of the aforementioned section of the 1915 Act requires this court to find as a matter of law that the General Assembly authorized only the City of Providence to condemn water or flowage rights in the Pawtuxet River. It follows, therefore, that the General Assembly did not authorize any other entity, including the municipalities in the case at bar, to condemn waters or flowage rights in the Pawtuxet River. Accordingly, the evidence reveals no set of facts under which the third-party plaintiffs could classify the municipalities as a condemning authority, and, as a matter of law, the municipalities may not be liable to the plaintiff under a theory of condemnation.
The municipalities further contend that they are not liable to indemnify the third-party plaintiffs under a theory of contract. It is well-settled in Rhode Island that in order to create a valid contract the parties must manifest an objective intent to be legally bound by the agreement. Rhode Island Five v.Medical Associates of Bristol County, Inc., 668 A.2d 1250, 1253 (R.I. 1996). In the case at bar, it remains undisputed that the municipalities were not parties to the 1922 contract between third-party plaintiff, Providence Water Supply Board and the plaintiffs. Furthermore, after a careful review of the record, this court is satisfied that the third-party plaintiffs have failed to present any facts to demonstrate a manifestation, on the part of the municipalities, of an objective intent to be legally bound by the terms of the 1922 contract. Accordingly, even viewed in the light most favorable to the third-party plaintiffs, their claim against the municipalities for indemnification in contract must fail.
Finally, the municipalities argue that no set of facts exists to support third-party, Providence's claim for contribution. Rhode Island follows the well-settled principle that the court will not hold a party liable for contribution unless the injured party has a right of action against both the party seeking contribution and the party from whom contribution is sought.Cacchillo v. H. Leach Machinery Co., 111 R.I. 593, 595,305 A.2d 541, 542 (R.I. 1973). Therefore, in order to prevail in an action against the municipalities for contribution, third-party plaintiffs would have to show that the plaintiffs had a right of action in tort against both the third-party plaintiffs and against the municipalities. This court is satisfied that the third-party plaintiffs have failed to meet this burden. First, no evidence has been presented to demonstrate any right of action in tort by the plaintiffs against either the third-party plaintiffs or the municipalities. Second, as established infra, plaintiffs do not have a right of action against the municipalities for either of their claimed theories of recovery of contract or condemnation. Consequently, this court finds that the third-party plaintiffs have failed to demonstrate any set of facts under which they may obtain contribution from the municipalities.
This court has considered the arguments of counsel, the affidavits submitted in support and in opposition to the motion and all of the evidence in the light most favorable to the nonmoving party. After due consideration, this court finds that the third-party plaintiff, Providence, has failed to sustain its burden to produce competent evidence to demonstrate that material issues of fact remain in dispute in this action. Consequently, this court concludes that no genuine issue of material fact exists, and the moving parties' claims warrant judgment as a matter of law. Accordingly, this court grants the municipalities' motions for summary judgment.
Counsel shall prepare the appropriate judgment for entry.
[1] The movants in this case are third-party defendants William Fazioli, finance director of the Town of North Providence; John E. Martin, Treasurer of the City of Warwick; Dennis G. Finlay, Treasurer of the Town of Smithfield; Kenneth J. Richardson, Jr., Finance Director of the Town of Johnston; Kevin J. Fitzgerald, Treasurer of the City of East Providence; John M. Day, Treasurer of the Town of Bristol; Ronald D. Tarro, Treasurer of the Town of Barrington; Kathleen A. Raposa, Treasurer of the Town of Warren; Claudette A. Paine, Finance Director of the Town of Lincoln; John P. Mainville, Finance Director of the Town of Burrillville; Kent County Water Authority; East Smithfield Water Department; Greenville Water District; and Bristol County Water Authority. For the purposes of this decision, the aforementioned third-party defendants will be referred to, collectively, as "the municipalities." This court specifically excludes the State of Rhode Island from this designation.
[2] The General Assembly has amended P.L. 1915, ch. 1278, section 18 through P.L. 1931, ch. 1815; P.L. 1932, ch. 1966; P.L. 1936, ch. 2316, P.L. 1963, ch. 158; P.L. 1963, ch. 5; P.L. 1967, ch. 162; P.L. 1984, ch. 442; P.L. 1985, ch. 54; and P.L. 1986, ch. 84.