TUCKER ESTATES CHARLESTOWN, LLC

v.

The TOWN OF CHARLESTOWN et al.

No. 2008–108–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 2009.

Margaret L. Hogan, Esq., Wakefield, for Plaintiff.

Robert E. Craven, Esq., North Kingstown, Joseph A. Priestley, Esq., Westerly, Peter D. Ruggiero, Esq.; James V. Aukerman, Esq., Wakefield, for Defendants.

John H. & Andrea J. Winkleman, Pro Se.

Present: GOLDBERG, Acting C.J., SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

**OPINION**

Chief Justice WILLIAMS (ret.), for the Court.

The plaintiff, Tucker Estates Charlestown, LLC (plaintiff), appeals from a Su-

perior Court judgment dismissing its complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. This case came before the Supreme Court for oral argument on February 2, 2009, based on an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons hereinafter set forth, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

The following facts, derived from the pleadings, are largely undisputed. In its complaint, plaintiff alleges that it purchased, on September 7, 2005, a sixty-five-acre parcel of land fronting on Alton Carolina Road in Charlestown, Rhode Island. The plaintiff sought to subdivide the parcel. In 2006, when processing its application for the subdivision, plaintiff discovered that the Town of Charlestown had, in 1998, adopted new zoning ordinances, including comprehensive amendments to the Charlestown zoning ordinance text and map. These amendments decreased the number of buildable lots within plaintiff's property.

The plaintiff alleged that when enacting the zoning amendments, the town council had violated the procedural requirements for adopting zoning ordinances found in the town's Home Rule Charter. Moreover, plaintiff asserted that its predecessor-in-title never had received notice of the proposed amendments, in violation of state law.

The plaintiff therefore brought the instant action, based on the Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9, seeking a judgment declaring that the subject zoning ordinance was void *ab initio* because it was enacted in contravention of both the Town of Charlestown Charter and the notice requirements of the Rhode Island Zoning Enabling Act of 1991, G.L. 1956 § 45–24–53.

The defendant, the Town of Charlestown (defendant), moved to dismiss plaintiff's complaint, asserting that the action was barred by the thirty-day time limit on appeals of the enactment of a zoning ordinance, under § 45–24–71(a). The motion justice agreed, holding that plaintiff's action for a declaratory judgment was "in effect an appeal of the enactment of this amendment to the zoning ordinance," and therefore subject to the thirty-day appeals period prescribed by the statute. Having determined that the action was time-barred (in view of the fact that it was brought nearly eight years after the amendments went into effect), the motion justice granted defendants' motion and dismissed the complaint under Rule 12(b)(6). The motion justice also noted that despite allegations that the town council had failed to follow the notice provisions of the Zoning Enabling Act, the steps taken by the town resulted in there having been "constructive notice," thereby satisfying the statutory requirements. The motion justice also stated, without actually holding, that the doctrine of laches might apply to this case.

Before this Court, plaintiff challenges the motion justice's decision to treat this action as an appeal, and thus subject to the time limitation of § 45–24–71(a), rather than as pled in the complaint: an action brought under the Uniform Declaratory Judgments Act. The plaintiff maintains that the motion justice should not have applied the thirty-day appeal limit, and should have accepted all allegations as true

(as he must when deciding a Rule 12(b)(6) motion to dismiss), and therefore should have denied defendants' motion.

## II

## Standard of Review

When reviewing the grant or denial of a Rule 12(b)(6) motion, this Court, applying the same standards as the motion justice, must "assume that the allegations contained in the complaint are true, and examine the facts in the light most favorable to the nonmoving party." *A.F. Lusi Construction, Inc. v. Rhode Island Convention Center Authority*, 934 A.2d 791, 795 (R.I. 2007) (*A.F.Lusi*) (quoting *McKenna v. Williams*, 874 A.2d 217, 225 (R.I.2005)). "The 'sole function of a motion to dismiss' pursuant to Rule 12(b)(6) is 'to test the sufficiency of the complaint.'" *A.F. Lusi*, 934 A.2d at 795 (quoting *McKenna*, 874 A.2d at 225). "To carry out this function, we 'examine the complaint to determine if [the] plaintiffs are entitled to relief under any conceivable set of facts.'" *Id.* The grant of "[a] motion to dismiss is proper if it is clear beyond a reasonable doubt that [the] plaintiff will not be entitled to relief under any set of facts that could be proved to support the claim." *Id.*

## III

## Analysis

▮▮▮ The Uniform Declaratory Judgments Act (UDJA) grants broad jurisdiction to the Superior Court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9–30–1; *Canario v. Culhane*, 752 A.2d 476, 479 (R.I.2000). Thus, despite the existence of other avenues of relief, we have recognized that a party is not precluded from proceeding under the UDJA, particularly when "the complaint seeks a declaration that the challenged

ordinance or rule is facially unconstitutional or in excess of statutory powers, or that the agency or board had no jurisdiction." *Kingsley v. Miller*, 120 R.I. 372, 374, 388 A.2d 357, 359 (1978); *Berberian v. Travisono*, 114 R.I. 269, 273, 332 A.2d 121, 123 (1975). Moreover, when acting under the authority of the UDJA, the Superior Court acts not in its appellate capacity; it acts on its original jurisdiction. *Bradford Associates v. Rhode Island Division of Purchases*, 772 A.2d 485, 489 (R.I.2001); *Canario*, 752 A.2d at 479. It was therefore improper to hold, as the motion justice did in this instance, that a declaratory judgment is no more than a type of appeal.

▮▮▮ It is furthermore well settled that the Superior Court has broad discretion to grant or deny declaratory relief under the UDJA. *Rhode Island Orthopedic Society v. Blue Cross & Blue Shield of Rhode Island*, 748 A.2d 1287, 1289 (R.I. 2000). Its discretion concerning whether to entertain the action itself, however, is more limited. See *Perron v. Treasurer of Woonsocket*, 121 R.I. 781, 786, 403 A.2d 252, 255 (1979). A dismissal of a declaratory-judgment action before a hearing on the merits, under Rule 12(b)(6), is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is an impossibility. *Id.*; *Redmond v. Rhode Island Hospital Trust National Bank*, 120 R.I. 182, 187, 386 A.2d 1090, 1092 (1978).

▮▮▮ Here, the facts alleged by the plaintiff, if proven, would provide for a valid cause of action. See *Borromeo v. Personnel Board of Bristol*, 117 R.I. 382, 385, 367 A.2d 711, 713 (1977) (holding that ordinances are "inferior in status and subordinate" to both state law and a town's charter and that ordinances inconsistent with either are invalid).

## Conclusion

For the foregoing reasons, we vacate the judgment of the Superior Court. The record shall be remanded to the Superior Court for proceedings in accordance with this opinion.

Justice FLAHERTY did not participate.